# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALLEN TANELL GREGORY,**

**Plaintiff,**

v.

**Case No. 25-CV-1989**

**STEVEN J. MENGE,** *et al.*,

**Defendants.**

---

## ORDER

---

Plaintiff Allen Tanell Gregory, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Tanell also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Tanell was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Tanell filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On December 23, 2025, the court ordered Tanell to pay an initial partial filing fee of $74.08 by January 22, 2026. (ECF No. 5.) After an extension, Tanell paid the fee on February 27, 2026. The court will grant Tanell's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible

2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Tanell's Allegations*

On May 13, 2024, Tanell was driving near the 3900 block of Locust Street in Milwaukee, Wisconsin. (ECF No. 1 at 2.) As he went over a speed hump, he was pulled over by City of Milwaukee Police Officers defendants Steven J. Menge and Jazmin Rowe. (*Id.* at 2-4.) Tanell is hearing impaired and tried to communicate to the officers that he could not hear them. (*Id.* at 2.) Eventually he figured out that the defendants were asking him to roll down all of his windows, but Tanell could not because only the driver's side window worked. (*Id.* at 3.) He had trouble communicating this to the defendants. (*Id.*) They also asked him to turn off his car,

3

but Tanell said he was unable to because of car troubles. (*Id.*) The defendants then asked Tanell to get out of the car. (*Id.*) Tanell asked why he needed to get out of his car, and after some back and forth the defendants responded that the law required him to get out of his car. (*Id.*)

As Tanell was getting out of his car he was trying to understand what the defendants wanted him to do but he was unable to clearly read the defendants' lips. (ECF No. 1 at 4.) Menge grabbed Tanell's arm and forced him to the ground. (*Id.*) Tanell tried to communicate that he was not resisting but Rowe struck him in the stomach instead. (*Id.*) Tanell then began screaming for his neighbors to come help him. (*Id.*) At that point the defendants deployed their tasers into Tanell's back. (*Id.*) Tanell asserts that he was not resisting. (*Id.*) As a result of being tased, Tanell was having difficulty breathing and was transported to the hospital via ambulance for treatment of his injuries. (*Id.* at 5.)

*Analysis*

Tanell claims that the defendants violated his rights when they used excessive force upon him. The court examines an excessive force claim under the Fourth Amendment's objective reasonableness standard. *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Id.* The court considers several relevant factors "including the severity of the crime; whether the suspect posed an immediate threat to the officers or others; whether the suspect was

4

resisting or evading arrest; whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether the person was interfering or attempting to interfere with the officer's duties." *Id.* Ultimately, the court should "determine 'whether the force used to seize the suspect was excessive in relation to the danger he posed . . . if left unattended.'" *Id.* (quoting *Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011)).

Tanell may proceed on a claim for excessive force against the defendants. He states he was having trouble communicating with the defendants due to his hearing impairment. As such, he was not resisting when they threw him to the ground, punched him, and tased him.

### CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Tanell's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendants Steven J. Menge and Jazmin Rowe pursuant to Federal Rule of Civil Procedure 4. Tanell is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service

5

will give Tanell information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that the defendants must answer the complaint within 60 days of service.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until the court issues a scheduling order.

**IT IS FURTHER ORDERED** that the agency having custody of Tanell shall collect from his institution trust account the $230.92 balance of the filing fee by collecting monthly payments from Tanell's prison trust account in an amount equal to 20% of the preceding month's income credited to Tanell's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Tanell is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Tanell is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional

6

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Tanell is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Tanell is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Tanell's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Tanell may find useful in prosecuting his case.

---

Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 20th day of May, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

8